UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-1300-SEB-VSS |
| ) | |
| OFFICER J. BAKER, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff James Webb, a state prisoner, asserts that while he was confined at the Wabash Valley Correctional Facility his Quran was confiscated and that his Quran was then destroyed.

The pleadings and the evidentiary record show that plaintiff Webb failed to properly utilize the administrative remedy process available to him at Wabash Valley with respect to the claim that his Quaran was confiscated and destroyed. No grievance filed by Webb alerted prison authorities to the presence of a claim of the exercise of religious freedom. *Woodford v. Ngo,* 2006 WL 1698937 at *5 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.")(footnote omitted); *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004)("Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies.").

Accordingly, the defendants have met their burden of showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005). The defendants' unopposed motion for summary judgment is therefore **granted,** and this action is dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 07/05/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana